1837.

DORR
v.
PETERS.

Sept. 12.

---

### DORR v. PETERS and others.

He who buys, where a subsisting mortgage is to be assumed by him, as part of the consideration, taking a deed subject to it and enters into possession, is bound, in equity, to indemnify his grantor against the mortgage debt; and this, even though he enters into no bond or express covenant. And if he leave his grantor to pay it, he is personally liable at law for the money paid. Where a purchaser makes an express promise with a subsisting mortgagee, to assume or pay off the mortgage, there is a sufficient consideration to sup-port the promise.

July 24,
1837.

Mortgage.
Purchaser
assuming a
mortgage.
Vendor and
Purchaser.

STAATS M. MEAD was the owner of real estate in the first ward of the city of New-York, and executed three mortgages of the same to different individuals. He then sold it to the defendants, John R. Peters, Obadiah Holmes and Russell Stebbins, subject to the mortgages ; and the latter also gave

back a mortgage to Mead. They, then, sold the property to Edmund Wilkes, who took it subject to all the mortgages; and the latter sold it to the complainant, who also took a deed of the premises, subject to all the above mortgages, which said mortgages were expressly declared in the deed to form part of the consideration money therein expressed, and which mortgages, with the interest thereon from the eighth day of August then instant, the complainant expressly assumed to pay off and discharge.

It appeared that, during the complainant's absence, the defendants got his attorneys or those who had the charge of his affairs to deposit notes to meet the amounts of mortgage. The bill was filed to get up these notes; and an injunction had been obtained to restrain and stay them in the hands of the parties.

A motion was now made (on bill and answer) to dissolve the injunction.

Mr. *Slosson* and Mr. *Lord,* for the defendants.

Mr. *R. H. Morris* and Mr. *Anthon,* for the complainants.

THE VICE-CHANCELLOR :—So far as it is made a question, *July* 28. whether the complainant's brothers and partner had authority to bind him by notes given by them as his agents or attorney, it must be left to the decision of the court of law, if the complainant should think proper to resist the payment on that ground. The question for this court is, whether the notes were obtained by misrepresentation and are to be deemed voluntary and without consideration? If so, the complainant may be entitled to have them delivered up. All the allegations as to misrepresentation and, indeed, undue advantage taken to induce the giving of the notes, are denied; and with respect to the want of consideration, I am of opinion this ground also fails the complainant.

It may be laid down as a general rule that a purchaser who buys, subject to a subsisting mortgage, and the mortgage-debt forms a part of the price or consideration which he is to pay and which he accordingly assumes, and he takes his deed subject to the mortgage and enters into the possession of the pre-

1837.

DORR
*v.*
PETERS.

mises, is, in equity, bound to indemnify his grantor against the mortgage-debt, although he enters into no bond or express covenant to that effect : *Waring* v. *Ward*, 7 Ves. 337 ; 1 Sugden's Vend. & P. 251 ; and if he should leave his grantor to pay off the mortgage, it appears to me that he would be personally liable, in an action at law by his grantor, for the money so paid. *It is* true, he may not be liable personally to the mortgagee, without something passing between them. If there should have been an express promise to the mortgagee, by the purchaser, to pay the debt, I do not see why there would not be a sufficient consideration to support such a promise.

Under the circumstances disclosed in this case, seeing that the complainant purchased, subject to the prior mortgage to Mead as a part of the purchase money ; took the deed from Wilkes, with a clause expressly declaring that he assumed the payment ; afterwards, through his agents, negotiated for time and gave the notes for the purpose of enabling the defendants to raise the money with which to pay off the mortgage, or to reimburse them for the money advanced by them for the purpose, I think he cannot, now, in equity, ask to be relieved.

Injunction dissolved.